**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EILEEN HOWORTH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ZWICKER & ASSOCIATES, P.C., )<br>)<br>Defendant. ) | FILED: MARCH 20, 2008<br>08CV1621           AEE<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE SCHENKIER |

**COMPLAINT**

**INTRODUCTION**

1.      Plaintiff Eileen Howorth brings this action to secure redress against unlawful collection practices engaged in by defendant Zwicker & Associates, P.C. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

3.      Venue and personal jurisdiction over defendant in this District is proper because defendant's collection communications were received here and defendant transacts business here.

**PARTIES**

4.      Plaintiff is an individual who resides in Chicago, Illinois.

5.      Defendant Zwicker & Associates, P.C. is a professional corporation chartered under Massachusetts law with offices at  80 Minuteman Road, Andover, MA 01810.

6. Defendant is in the business of using the mails and telephones to collect alleged delinquent debts owed to others.

7. Defendant is a "debt collector" as defined in the FDCPA.

## FACTS

8. Defendant has been seeking to collect from plaintiff a student loan debt, incurred for personal, family or household purposes.

9. On or about February 14, 2008, defendant's representative called plaintiff about such loans.

10. As of February 14, 2008, defendant therefore was well aware of how to contact plaintiff.

11. On February 15, 2008, plaintiff learned that defendant's representative called one of plaintiff's neighbors four times on February 14, 2008, disclosed personal information about plaintiff, and asked the neighbor to contact plaintiff and take the telephone across the street to plaintiff.

12. Plaintiff was frightened and embarrassed as a result.

## COUNT I – FDCPA

13. Plaintiff incorporates paragraphs 1-12.

14. Defendant's communications with plaintiff's neighbor violated 15 U.S.C. §§1692c and 1692d.

15. Section 1692c provides:

> **§ 1692c.  Communication in connection with debt collection [Section 805 of P.L.]**
>
> . . . (b) **Communication with third parties**--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .

16. Section 1692c provides:

**§ 1692d.     Harassment or abuse [Section 806 of P.L.]**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . . .

WHEREFORE, plaintiff requests that the Court enter judgment in favor of Plaintiff and against defendant for:

    a.    Statutory damages;

    b.    Actual damages;

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems proper.

## COUNT II – INVASION OF PRIVACY

17. Plaintiff incorporates paragraphs 1-12.

18. Defendant violated plaintiff's right to seclusion.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

    a.    Actual damages, including general damages;

    b.    Punitive damages;

    c.    Costs of suit;

    d.    Such other or further relief as the Court deems proper.

                        s/Daniel A. Edelman
                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

> s/Daniel A. Edelman
> Daniel A. Edelman

T:\21100\Pleading\Complaint_Pleading.wpd

## **NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)